J-S54040-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENDALE WISE | |
| Appellant | No. 182 MDA 2014 |

Appeal from the Order Entered December 27, 2013
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0001114-2001

BEFORE: LAZARUS, MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED NOVEMBER 05, 2014**

Appellant, Kendale Wise, appeals from the December 27, 2013 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Also pending is an application for *habeas corpus* relief filed with this court.  We affirm the PCRA court's order and deny the application for relief.

Appellant is serving a 15 to 30 year sentence for attempted homicide following his conviction at the conclusion of a September 12, 2001 jury trial. This Court affirmed the judgment of sentence on March 26, 2003.  Appellant filed a timely first PCRA petition on February 6, 2004.  The PCRA court dismissed that petition on October 27, 2004 and this Court affirmed on January 23, 2006.

Appellant sought a second round of collateral review with a series of *pro se* filings beginning in November of 2010. The PCRA court entered its final order dismissing Appellant's second PCRA petition on February 10, 2011. This Court affirmed on February 15, 2012. While the appeal of Appellant's second PCRA petition was pending, he commenced another series of *pro se* filings. On February 1, 2012, the PCRA court filed a "clarification order" in which it explained to Appellant that his prior PCRA petitions had been dismissed and that he had no basis for seeking collateral relief. Appellant appealed the February 1, 2012 order, and this Court dismissed that appeal on April 2, 2012. Appellant filed yet another PCRA petition on May 21, 2012, which the PCRA court dismissed on June 22, 2012. This Court quashed Appellant's appeal from the June 22, 2012 order on December 13, 2012.

The instant action commenced on December 12, 2013, with Appellant's purported *habeas corpus* petition. Appellant argues he is entitled to *habeas corpus* relief because he was deprived of his right to counsel during trial. He argues that a *habeas corpus* petition is his only means of obtaining relief, finally conceding that he cannot obtain PCRA relief because of the PCRA's jurisdictional timeliness requirements.

The substance of Appellant's claim is that his trial counsel did not file an entry of appearance.[1] Thus, Appellant claims he was deprived of his right to counsel, even though counsel did represent him throughout the trial and direct appeal process. Appellant raised the same claim in his untimely November 2010 PCRA petition.

We conclude the PCRA court properly treated Appellant's claim as an untimely PCRA petition and dismissed it. The PCRA subsumes all forms of collateral relief, including *habeas corpus*, so long as a remedy is available under the PCRA. **Commonwealth v. West**, 938 A.2d 1034, 1044 (Pa. 2007). Appellant's assertion that he was deprived of his constitutional right to counsel is cognizable under the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(i) (providing that a petitioner is eligible for relief where the conviction resulted from a "violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place"). To the extent Appellant asserts his counsel was ineffective for failing to file an entry

---

[1] Pa.R.Crim.P. 120(A)(1) requires retained counsel to file an entry of appearance with the clerk of courts promptly after retention. Pa.R.Crim.P. 120(A)(1). Rule 120(A)(2), however, provides that where counsel is appointed, the filing of the appointment constitutes counsel's entry of appearance. Pa.R.Crim.P. 120(A)(2). The docket does not reflect an appointment or an entry of appearance by privately retained counsel.

of appearance, that claim also is cognizable under the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(ii).

Since Appellant's purported *habeas corpus* petition is actually a PCRA petition, it must comply with the PCRA's timeliness requirements:

b) Time for filing petition.

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. ***Commonwealth v. Ali***, 86 A.3d 173, 177 (Pa. 2014).

Appellant's judgment of sentence became final in April of 2003, as he did not seek Supreme Court review of this Court's March 26, 2003 memorandum affirming his judgment of sentence. Appellant's petition is facially untimely, and he does not assert the applicability of any timeliness exception. In fact, he concedes they do not. The PCRA court properly

treated Appellant's *habeas corpus* petition a PCRA petition and dismissed for lack of jurisdiction.[2]

Order affirmed. Application denied.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/5/2014

_____

[2] Appellant also filed a purported application for *habeas corpus* relief in this Court on August 7, 2014. We deny that application for the reasons stated in the main text.